UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------
HILDA L. SOLIS, Secretary of Labor, :
United States Department of Labor,
                                    :
                        Plaintiff,
                                    :
        v.                          :   Civil Action File No. 10 Civ. 4640 (SHS)
                                    :
SAMUEL KOHL, CAREN KOHL,
WELKO INC., and                     :
WELKO INC. PENSION PLAN,
                        Defendants. :
--------------------------------------------------------------

*Preliminary Injunction*

~~(PROPOSED)~~ ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/10

Plaintiff HILDA L. SOLIS, Secretary of the United States Department of Labor ("the Secretary"), having applied for a Preliminary Injunction in this action, and the Court having considered the pleadings, Declarations, Exhibits, and witness testimony filed and presented ~~herein~~ *and a full hearing and legal argument having been held on June 22, 2010, for the reasons set forth on the record today,*

IT IS HEREBY ORDERED THAT:

1. Any and all cash assets of the Welko Inc. Pension Plan (hereinafter the "Plan"), including but not limited to the entire net proceeds received by the Plan from the sale of the Plan's property located at 90 East End Avenue, Unit 2E, New York, New York, shall be deposited by the Clerk of this Court into the Registry of this Court and then, as soon as the business of his office allows, the Clerk shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Clerk of the United States District Court for the Southern District of Texas as Custodian, pursuant to Local Civil Rule 67.1, until such time as the Court orders the return of the funds to the Plan's account. The Clerk of this Court shall direct from the income on the investment a fee equal to ten

percent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

2. Defendants Samuel Kohl, Caren Kohl and Welko Inc. (collectively "Defendant Fiduciaries") are hereby [preliminarily] enjoined from exercising any authority or control over the assets or operations of the Plan, including but not limited to initiating or engaging in any litigation on behalf of the Plan, without prior notice [by motion] to the Secretary and approval by the Court.

3. Defendant Fiduciaries are hereby [preliminarily] enjoined from obtaining or using any credit, credit cards or loan proceeds obtained on behalf of the Plan, or otherwise encumbering Plan assets in any way, including but not limited to initiating or engaging in any litigation on behalf of the Plan, without prior notice [by motion] to the Secretary and approval by the Court.

4. The *status quo* of the Plan shall be maintained pending the instant litigation, with the exception of transactions taken upon prior notice [by motion] to the Secretary and Court approval as described above.

5. This Court's Order is issued upon the Secretary's showing that there is a substantial likelihood that she will prevail on her claims that the Defendant Fiduciaries have failed to act for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses, and have failed to exercise care, skill, prudence, and diligence in their management of Plan assets, and have dissipated the assets of the Plan without reference to their solvency or ability to make benefit payments in violation of ERISA § 404(a)(1)(A), (B) and (D), 29 U.S.C. § 1104(a)(1)(A), (B) and (D). There is also a substantial likelihood that the Secretary will prevail on her claims that Defendant Fiduciaries caused the Plan to engage

2

in transactions prohibited by ERISA with or for the benefit of fiduciaries, parties in interest, or parties whose interests are adverse to the Plan's, in violation of ERISA § 406(a)(1)(A), 406 (a)(1)(B), § 406(a)(1)(D), § 406(b)(1), and § 406(b)(2), 29 U.S.C. § 1106(a)(1)(b), § 1106(a)(1)(d), § 1106(b)(1), and § 1106(b)(2). The public interest as shown by the Secretary also favors protecting the retirement security of the participants of the Plan through this action.

SO ORDERED.

_____
Sidney H. Stein
U.S.D.J.

June 22, 2010
N.Y., N.Y.